IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CARRIE RYAN,                              §
                                          §
         Plaintiff,                       §
                                          §
v.                                        §          Civil Action No. 3:10-CV-1529-N
                                          §
JOE HOLLMAN, *et al.*,                    §
                                          §
         Defendants.                      §

## ORDER

This Order addresses Plaintiff Carrie Ryan's ("Ryan") motion for attorneys' fees [66].

For the reasons that follow, the Court grants Ryan's motion. The Court therefore orders

Defendant Hollman, Inc. ("Hollman, Inc.") to pay Ryan $151,515.00 in attorneys' fees for

litigation in this Court and $95.58 in costs, for a total recovery of $151,610.58. The Court

also conditionally orders Hollman, Inc. to pay Ryan $50,000 in appellate attorneys' fees

should Hollman, Inc. unsuccessfully appeal.

### I. ORIGINS OF RYAN'S FEE REQUEST

Ryan brought this suit for violations of Title VII of the 1964 Civil Rights Act, 42

U.S.C. § 2000e, *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), TEX.

LAB. CODE § 21.051, *et seq.*, among other causes of action. *See* Pl.'s Compl. ¶¶ 27-32 [1].

Following a jury trial, the jury found, in relevant part, for Ryan on her quid pro quo sexual

harassment claim against Hollman, Inc. in violation of Title VII and TCHRA. *See* Judgment,

Nov. 16, 2011 [65].[1]  The jury awarded Ryan $185,000.  *See id.*  Ryan subsequently filed the present motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2).

## II. THE COURT AWARDS RYAN REASONABLE ATTORNEYS' FEES

### A. Attorneys' Fees Standard

The "American Rule" requires that litigants foot the bill for their own attorneys' fees absent statutory authority providing otherwise.  *See, e.g.*, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975).  Here, Ryan seeks her fee award under both Title VII and TCHRA.  A prevailing party may recover reasonable attorneys' fees under both.  *See* 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ."); TEX. LAB. CODE § 21.259(a) ("[A] court may allow the prevailing party . . . a reasonable attorney's fee . . . .").

In determining an appropriate fee award, courts first calculate a "lodestar" amount by multiplying a reasonable billing rate by the number of hours reasonably spent litigating the successful claim.  *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *see also Purdue v. Kenny A. ex rel Winn*, --- U.S. --- , 130 S. Ct. 1662, 1672-73 (2010) (federal law); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (federal law); *Barrera v. Nat'l Crane*

---

[1]Ryan did not prevail on her claim for assault against Defendant Joe Hollman.  *See id.*  The Court granted Defendants Joe Hollman and Hollman, Inc.'s motions for judgment as a matter of law on (1) Ryan's hostile work environment sexual harassment claim under Title VII and TCHRA and (2) Ryan's intrusion claim under Texas law.  *See id.*

*Corp.*, 2012 WL 242828, at *3 (W.D. Tex. 2012) (considering attorneys' fees using the lodestar method under Texas law, stating: "Although I found no opinion in which the Supreme Court of Texas explicitly adopted this method, Texas courts have often used the lodestar method and the *Johnson* factors to determine a reasonable attorney fee," and collecting cases); *cf. Gen. Motors Corp. v. Bloyed*, 916 S.W.2d 949, 960 (Tex. 1996) (explaining, in class action context, that one of two acceptable ways to calculate attorneys' fees is to use lodestar method). This calculation, however, excludes hours spent on "excessive, redundant, or otherwise unnecessary work" and on nonprevailing claims unrelated to successful claims. *Hensley*, 461 U.S. at 434-35; *see Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006).

The court may then increase or decrease the lodestar amount based on the "*Johnson* factors*": (1) the time and labor required to litigate the case, (2) the novelty and difficulty of the questions involved, (3) the skill required to litigate the case, (4) whether taking the case precluded the attorney from other employment, (5) the customary fee for similar work in the community, (6) the fee or percentage of recovery the attorney quoted to the client, (7) whether the client or case required expedited legal work, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirabilty" of the case, (11) the nature and length of the attorney-client relationship, and (12) awards made in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see Hensley*, 461 U.S. at 430 (federal law); *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 227-28 (5th Cir. 2011) (holding that district court did not abuse its discretion in

enhancing attorneys' fees using the *Johnson* factors for TCHRA attorneys' fee award because the Texas Courts of Appeal have "consistently applied enhancement based on the *Johnson* factors" and collecting cases); *Barrera*, 2012 WL 242828, at *3 (using *Johnson* factors to determine attorneys' fees under Texas law); *cf. Bloyed*, 916 S.W.2d at 960 (citing *Johnson*, 488 F.2d at 717-19). However, the lodestar necessarily "subsumes" some *Johnson* factors, *Hensley*, 461 U.S. at 434 n.9; *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1084 (5th Cir. 1985), and the Court may not take into account those factors "subsumed" in the lodestar when considering whether to enhance the lodestar under the *Johnson* factors, *Perdue*, 130 S. Ct. at 1673.[2]

## *B. The Court Finds Ryan's Lodestar Reasonable*

Ryan presents an initial lodestar of $151,515.00, *see* Pl.'s Mot. 2, a number calculated by adding together the time attorneys Nellie G. Hooper and Jeffery D. Smith – from the law offices of Blanscet Sutherland Hooper & Hale, L.L.P. – billed from May 2010 through November 2011, *see* Pl.'s App. to Pl.'s Mot., Nellie G. Hooper Aff. ¶¶ 2-3, 11 [hereinafter "Hooper Aff."] [66-1].[3] Ryan submits billing records for both attorneys to substantiate the lodestar amount. *See* Pl.'s App. to Pl.'s Mot., Billing Records [66-3].

---

[2]The Plaintiff has the burden to demonstrate the amount of attorneys' fees and any adjustment or enhancement under the *Johnson* factors. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 901-02 (1984).

[3]Ms. Hooper and Mr. Smith submit time for a combined 451.8 hours at $375.00/hour and $275.00/hour, respectively. *See* Pl.'s Mot. 2; Hooper Aff. ¶ 11.

At the outset, the Court notes that Ryan did not segregate counsels' time between her successful quid pro quo sexual harassment claim under Title VII and TCHRA and her unsuccessful hostile work environment sexual harassment claim under Title VII and TCHRA, her unsuccessful intrusion claim, and her unsuccessful assault claim. *See* Pl.'s Mot. 4. Ryan claims this is because the "claims for quid pro quo sexual harassment on which Ryan prevailed were so factually intertwined with her hostile work environment and sexual harassment claims, as well as her common law claims for invasion of privacy and assault, that it would be difficult, if not impossible, for Ryan to segregate the fees." *See id.* The Court agrees with this assessment.

In calculating the lodestar, the Court must exclude hours spent on nonprevailing claims unrelated to successful claims. *Hensley*, 461 U.S. at 434-35; *Tony Gullo Motors I*, 212 S.W.3d at 311. However, "claims for relief that involve a common core of fact, or derive from related legal theories, cannot be viewed as a series of discrete claims." *Hernandez v. Hill Country Tel. Cooperative, Inc.*, 849 F.2d 139, 144 (5th Cir. 1988) (discrimination under Title VII and 42 U.S.C. § 1981); *see also Hensley*, 461 U.S. at 435 ("In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours . . . . Such a lawsuit cannot be viewed as a series of discrete claims."). In that case, a court need not segregate fees for unsuccessful claims; rather, "if a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hernandez*, 849 F.2d at 144 (quoting *Hensley*, 461 U.S.

at 435); *see also, e.g., Abell v. Potomac Ins. Co. of Ill.*, 946 F.2d 1160, 1169 (5th Cir. 1991);

*Hornbeck Offshore Servs., L.L.C. v. Salazar*, 2011 WL 2214765, at *18 (E.D. La. 2011);

*Sapp v. Snuffer's Rests. Inc.*, 2010 WL 6194117, at *4 (N.D. Tex. 2010) (Ramirez, Mag. J.)

("'A court need not segregate fees when the facts and issues are so closely interwoven' that

the time spent on separate claims or against separate defendants cannot reasonably be

divided." (quoting *Mota v. Univ. of Tex.*, 261 F.3d 512, 528 (5th Cir.2001))); *Tony Gullo*

*Motors I*, 212 S.W.3d at 313-14; *El Apple I, Ltd. v. Olivas*, 324 S.W.3d 181, 194-95 (Tex.

App. – El Paso 2010, pet granted); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11-12

(Tex. 1991). "A court has broad discretion in analyzing the relationship between successful

and unsuccessful claims." *Dibler v. Metwest, Inc.*, 1997 WL 222910, at *6 (N.D. Tex. 1997)

(Boyle, Mag. J.) (citation omitted).

      The Court reviewed Ms. Hooper and Mr. Smith's submitted time. *See* Pl.'s App. to

Pl.'s Mot., Billing Records 1-50. The entries reflect that counsels' time was spent analyzing

facts related to the litigation as a whole and that segregating counsels' time would indeed be

difficult, "if not impossible." Pl.'s Mot. 4. And Ryan's counsel obtained "excellent results."

The jury awarded Ryan $185,000 in compensatory damages, *see* Judgment, Nov. 16, 2011,

and sent a note to the Court that it would like Hollman, Inc. to conduct a sexual harassment

training in lieu of punitive damages, *see* Jury Notes, Nov. 15, 2011 [64]. Accordingly, the

Court does not adjust the lodestar based on counsels' time pursuing claims on which Ryan did not prevail.[4]

Hollman, Inc. presents multiple arguments to reduce Ryan's lodestar.  *See* Defs.' Resp. 2-3 [68].  However, at their core, Hollman, Inc.'s arguments can be broken down into two main disputes.  First, Hollman, Inc. claims that this case is fairly straightforward and simple.  *See* Def.'s Resp. 2-3.[5]  Because of this, it argues, the case should not have been very time consuming for Ryan's counsel, and, therefore, the time counsel has submitted to calculate Ryan's lodestar is excessive.  *See id.*  Second, Hollman, Inc. argues that Ryan's contingency fee agreement with counsel should cabin her attorney fee award and that "any additional award for attorney[s'] fees in the amount requested would be tantamount to a penalty."  Def.'s Resp. 2.[6]  The Court disagrees.[7]

---

[4]The Court also notes that Ryan may recover fees for counsels' time preparing the instant motion for attorneys' fees.  *See, e.g.*, *Johnson v. Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Merrick v. Scott, P.C.*, 2011 WL 1938188, at *8 (N.D. Tex. 2011) (Fitzwater, C.J.).

[5]Hollman applies this basic argument to the following seven *Johnson* factors: the time and labor required to litigate the case; the novelty and difficulty of the questions involved; the skill required to litigate the case; whether taking the case precluded the attorney from other employment; whether the client or case required expedited legal work; the experience, reputation, and ability of the attorneys; and the "undesirabilty" of the case.

[6]This attack focuses on the sixth *Johnson* factor, whether the fee is fixed or contingent.

[7]The Court does not consider Hollman, Inc.'s argument that the jury award was egregious because the jury based its award on "prejudicial testimony."  *See* Def.'s Resp. 2-3. A response to Ryan's motion for attorneys' fees is not the proper occasion for Hollman, Inc.'s prejudice argument.

First, the Court does not find Ryan's counsels' time excessive.  Again, the Court has carefully reviewed Ms. Hooper and Mr. Smith's submitted time.  *See* Pl.'s App. to Pl.'s Mot., Billing Records 1-50.[8]  As Hollman, Inc. notes, most of counsels' submitted time consisted of less than an hour per day.  *See* Def.'s Resp. 3.  Even assuming, arguendo, that this case were straightforward,[9] the Court does not consider less than an hour each day – with variations for depositions, dispositive motions, and trial preparation – unreasonable.  Absent special circumstances, a court should ordinarily award the prevailing plaintiff in a Title VII suit reasonable attorneys' fees.  *E.g.*, *Tureaud v. Grambling State Univ.*, 294 F. App'x 909, 916-17 (5th Cir. 2008) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978)).[10]  Because the Court finds counsels' fees reasonable, the Court declines to adjust Ryan's lodestar on the basis that counsel spent too much time on a case which may not have presented novel or complicated legal theories.

Additionally, though an attorney normally should not recover more than his or her client is contractually obligated to pay, *see Hernandez*, 849 F.2d at 144 (citing *Johnson*, 488 F.2d 714), the lodestar does not allow for more than Ryan agreed to pay.  Hollman, Inc. argues that because Ms. Hooper and Mr. Smith took Ryan's case on a contingency basis, Ryan is only entitled to a contingency fee of forty percent (40%) of her recovery, or $72,000 in attorneys' fees.  *See* Def.'s Response 3.  But Hollman, Inc.'s argument mischaracterizes

---

[8]Futher, Ms. Hooper states that she has fully reviewed the submitted time and "ha[s] exercised discretion in writing off redundant or non-productive time."  Hooper Aff. ¶ 9.

[9]Ryan disputes this assertion and alleges the case "involved many complicated legal issues related to Title VII and [TCHRA]."  *See* Pl.'s Mot. 4.

[10]Hollman, Inc. points to no such circumstance.

the amount Ryan has agreed to pay.  Ryan's retainer states that Ryan will pay no fees if she fails to recover, she will pay forty percent (40%) of the total recovery if she recovers, and, "[s]hould a judgment or verdict be entered in Client's favor and the attorneys' fees under the above formula be less than the amount of attorneys' fees awarded . . . Lawyers can choose to receive all of the attorneys' fees awarded . . . instead of receiving a percentage of the total recovery as outlined above."  Pl.'s App. to Pl.'s Mot., Agreement to Hire Lawyers 1 [66-2]. Because Ryan prevailed, this agreement plainly allows counsel to choose between holding Ryan to a forty percent contingency fee or the Court's attorneys' fee award.

The Fifth Circuit has upheld attorneys' fees based on this type of fee agreement as reasonable, and it has noted that neither Circuit precedent nor *Johnson* proscribes this arrangement.  *See Hernandez*, 849 F.2d at 144.  Thus, if a fee agreement contemplates that counsel may recover reasonable attorneys' fees in an amount over the agreed contingency fee, he or she may recover attorneys' fees above or in addition to the agreed contingency rate. *See id.*; *see also Gobert v. Williams*, 323 F.3d 1099 (5th Cir. 2003) (holding that Title VII prevailing plaintiff must pay his counsel the agreed contingency percentage of his recovery in addition to court-awarded attorneys' fees when retainer provided plaintiff would pay counsel "thirty-five (35%) percent of any amount recovered or saved after suit if [sic] filed, excluding court awarded attorneys['] fees . . . [. I]t is specifically understood that all court awarded attorneys fees are and shall remain the property of attorney.").  Accordingly, the Court is not limited to awarding Ryan forty percent of her recovery; it may award the amount it deems reasonable.

In sum, the Court finds Ryan's proposed lodestar reasonable, and it does not modify the lodestar based on Ryan's failure to segregate time spent on her unsuccessful claims or Hollman, Inc.'s objections.   The Court therefore adopts Ryan's proposed lodestar of $151,515.00.

### C. The Remaining Johnson Factors Do Not Warrant Further Adjustment

The Court's analysis of Ryan's lodestar included consideration of many *Johnson* factors.[11]   *See Purdue*, 130 S. Ct. at 1673 ("[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney[s'] fee." (quotation omitted)).   The parties do not dispute, and the Court finds inapplicable, the eleventh factor: the nature and length of the attorney-client relationship.   This leaves for examination three remaining factors: the customary fee for similar work in the community, the amount involved and the results obtained, and awards in similar cases.

Though the remaining factors strongly support the reasonableness of the lodestar, they do not militate in favor of a departure from that amount.   First, Ms. Hooper testifies by affidavit that both her and Mr. Smith's hourly rates, $375.00 and $275.00, respectively, are reasonable for each attorney's experience and are consistent with, if not lower than, rates for civil trial lawyers in the Dallas area.   Hooper Aff. ¶ 6.   The Court agrees, but it finds that the

---

[11]The Court's "simplicity" analysis included the following factors: the time and labor required to litigate the case; the novelty and difficulty of the questions involved; the skill required to litigate the case; whether taking the case precluded the attorney from other employment; whether the client or case required expedited legal work; the experience, reputation, and ability of the attorneys; and the "undesirabilty" of the case.   The Court's contingency fee analysis included consideration of the sixth *Johnson* factor: whether the fee is fixed or contingent.

lodestar aptly captures this factor.  As discussed above, the Court also agrees that Ryan's

counsel obtained excellent results.  However, these results alone do not warrant an upward

adjustment from the lodestar.  *See Purdue*, 130 S. Ct. 1662 (reversing award of attorneys'

fees where district court adjusted lodestar based on counsel's excellent results, where trial

judge remarked that he had never seen a case "in which a plaintiff class had achieved such

a favorable result on such a comprehensive scale").  And given the Court's familiarity with

employment discrimination actions based on both Title VII and TCHRA, it finds that an

award of $151,515.00 is consistent with awards in similar cases.  Though this consistency

again supports the lodestar, it does not warrant adjustment.  Accordingly, the Court does not

adjust the lodestar under the remaining *Johnson* factors.

### D. The Court Awards Ryan Appellate Attorneys' Fees Contingent on Hollman, Inc.'s Unsuccessful Appeal

Ryan requests $75,000 in appellate attorneys' fees should Hollman, Inc. decide to

appeal and not prevail.  *See* Pl.'s Mot. 2.[12]  An attorneys' fees award may include fees

incurred on appeal.  *See, e.g.*, *DP Solutions, Inc. v. Rollins, Inc.*, 353 F3d 421, 436 (5th Cir

2003) (citing *Gunter v. Bailey*, 808 S.W.2d 163, 165-66 (Tex. App. – El Paso 1991, no writ))

(Texas law); *Norris v. Hartmarx Specialty Stores*, 913 F.2d 253, 256 (1990) (federal law)

("A long and consistent line of Fifth Circuit precedent allows awards of attorneys' fees for

both trial and appellate work."); *Smith v. Smith*, 757 S.W.2d 422, 426 (Tex. App. – Dallas

---

[12]Ms. Hooper bases the $75,000 figure on counsels' hourly rates, her experience as a staff attorney for the Fifth District Court of Appeals in Dallas, Texas, and her experience representing clients in the state courts of appeal as well as the Fifth Circuit. *See* Hooper Aff. ¶ 13.

1988, writ den.) (citing *Pleasant Hills Children's Home v. Nida*, 596 S.W.2d 947, 953 (Tex.

App. – Fort Worth 1980, no writ)) (Texas law).   However, the Court must condition the

award on an unsuccessful appeal, *see, e.g.*, *DP Solutions, Inc.*, 353 F3d 421, 436 (Texas law);

*Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 515 (Tex.App. – Ft. Worth 2011, pet.

denied) (Texas law); *cf.* DeCorte v. Jordan, 497 F.3d 433, 445 (5th Cir. 2007) (federal law).

The Court therefore allows Ryan reasonable appellate fees, but it finds $75,000 – half of

Ryan's lodestar for litigation in this Court, including trial – to be excessive for an appeal.

It therefore awards her only $50,000 in reasonable appellate attorneys' fees contingent on

Hollman, Inc.'s unsuccessful appeal.

### III. THE COURT AWARDS RYAN REASONABLE COSTS

Under Title VII, a court has discretion to award a prevailing party "reasonable out-of-

pocket expenses incurred by the attorney which are normally charged to a fee-paying client,

in the course of providing legal services, such as postage, photocopying, paralegal services,

long distance telephone calls, and travel costs."   *Mota*, 261 F.3d at 529; *see also* 42 U.S.C.

§ 2000e-5(k); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 557 (5th Cir. 1987).

Ryan requests $1,845.58 in expenses associated with this litigation for money her

counsel spent on "postage, mediation fees, videographer deposition fees, on-line legal

research, parking, and supplies."   *See* Pl.'s Mot. 5-6.[13]   The billing records Ryan submits

reflect costs associated with these fees: online research, *see* Pl.'s App. to Pl.'s Mot., Billing

---

[13]The Court notes that Ryan already filed a bill of costs with the clerk of this Court in the amount of $5,372.57 [67], and the clerk taxed costs in that amount [70].  Ryan's bill of costs included filing fees, service fees, transcript fees, and witness fees.  *See* Pl.'s Bill of Costs 1.  Neither Hollman, Inc. nor Defendant Joe Hollman objected to these costs.

Records 6, 31; postage, *see id.* at 16, 18, 20, 23, 32, 40, 49; parking, *see id.* at 43, 46, 48-49; mediation fees, *see id.* at 21; and videographer fees for Defendant Joe Hollman's deposition, *see id.* at 17.[14]  The Court finds that Ryan may recover some, but not all, of these costs.

First, Ryan may not recover the cost of Defendant Joe Hollman's videotaped deposition.[15]  The federal costs statute, 28 U.S.C. § 1920(2), as recently amended, permits costs for "electronically recorded transcripts."  *See S&D Trading Acad., LLC v. AAFIS Inc.*, 336 F. App'x 443, 452 (5th Cir. 2009); *Baisden v. I'm Ready Prods.*, 793 F. Supp. 2d 970, 976 (S.D. Tex. 2011); *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 4591893, at *2 (E.D. Tex. 2011); *see also Versata Software Inc. v. SAP Am., Inc.*, 2011 WL 4436283, at *1 (E.D. Tex. 2011).  Nonetheless, video transcripts must be "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  In this case, it was not necessary for Ryan to obtain both an electronic and written transcript of Defendant Hollman's deposition.  Defendant Hollman was available as a live witness during trial, and Ryan has failed to otherwise justify the need for both a written transcript and a video.  *See Sheikh-Abukar v. Fiserv Solutions, Inc.*, 2011

---

[14]Ryan's counsel did not include costs for faxes, copies, or long distance telephone calls because it is not counsels' practice to do so.  *See* Pl.'s Mot. 6; Pl.'s App. to Pl.'s Mot., Billing Records.

[15]The Court notes that a motion for attorneys' fees and costs is not the proper forum to move for videographer costs; rather, Ryan should have requested the cost in her Bill of Costs.  However, because the Court would not have allowed the videographer fee in that context if the Defendants had objected, *see Interstate Contracting Corp. v. City of Dallas*, 2002 WL 236676, at *2 (N.D. Tex. 2002) (Boyle, Mag. J.) ("Plaintiff, as the prevailing party, is presumptively entitled to its costs and Defendant, as the non-prevailing party, bears the burden of overcoming the presumption.") (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985)); *see also, e.g.*, *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012) ("[T]here is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.") (citation omitted), it addresses the cost here.

WL 5149654, at *1 (S.D. Tex. 2011) (excluding cost of videotaped deposition where plaintiff was readily available for testimony at trial); *Bank One Tex., N.A. v. Apex Energy, LLC*, 2002 WL 22055, at *2 (N.D. Tex. 2002) (Kaplan, Mag. J.) (excluding videographer costs because defendant failed to show the necessity of obtaining both a videotape and a written transcript). Accordingly, the Court subtracts Ryan's videographer cost of $550.00. *See* Pl.'s Mot., Billing Records 17.

Ryan also may not recover mediation costs. *Mota*, 261 F.3d at 530 (holding that prevailing party in Title VII case may not recover mediation fees); *see, e.g.*, *Alexander v. City of Jackson Miss.*, 2011 WL 6847792, at *4 (5th Cir. 2011) (same). Accordingly, the Court does not include Ryan's mediation fee of $1,200.00 in her recoverable costs. *See* Pl.'s App. to Pl.'s Mot., Billing Records 21.

Ryan may recover the remaining out-of-pocket costs under Title VII (online research, parking, and postage). *See* Pl.'s App. to Pl.'s Mot. 6, 16, 18, 20, 23, 31-32, 40, 43, 46, 48-49. These costs total $95.58. Accordingly, the Court orders Hollman, Inc. to pay Ryan $95.58 for her reasonable out-of-pocket costs.

## CONCLUSION

The Court finds Ryan's proposed lodestar reasonable and in need of no further adjustment based on the *Johnson* factors. The Court also finds that she should recover some of her counsels' costs, and it awards her appellate attorneys' fees should Hollman, Inc. unsuccessfully appeal to the Fifth Circuit.

Accordingly, the Court orders Hollman, Inc. to pay Ryan $151,515.00 in attorneys' fees for litigation in this Court and $95.58 in costs, for a total recovery of $151,610.58. The

Court also awards Ryan $50,000 in appellate attorneys' fees contingent on Hollman, Inc.'s

unsuccessful appeal.

      Signed April 18, 2012.

                        David C. Godbey

                 United States District Judge